

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00195-CR

---

THE STATE OF TEXAS, APPELLANT

V.

DANIEL CASTILLO, APPELLEE

---

On Appeal from the 274th District Court
Hays County, Texas
Trial Court No. CR-22-1417-D, Honorable William R. Henry, Presiding

---

May 9, 2023

## ORDER ON MOTION FOR REHEARING AND
## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

The State of Texas appeals from the trial court's purported order dismissing Count I of a two-count indictment against Appellee, Daniel Castillo. Finding that the trial court has not entered a final, appealable order, we dismissed the premature appeal for want of jurisdiction. Now pending before this Court is the State's motion for rehearing. We grant the motion, reinstate the appeal, and remand the cause to the trial court for further proceedings.

In its motion for rehearing, the State argues that the trial court's findings of fact and conclusions of law signed on May 27, 2022, is an appealable order. However, the Third Court of Appeals, from which this case was transferred, has held that findings of fact and conclusions of law do not constitute final, appealable orders. *See In re Alejandro-Najarro*, No. 03-21-00682-CR, 2022 Tex. App. LEXIS 3099, at *2 (Tex. App.—Austin May 10, 2022, no pet.) (per curiam) (mem. op., not designated for publication) ("Although the trial court entered its findings of fact and conclusions of law on that date, such a document is not a final appealable order."); *see also State v. Ortiz*, No. 07-10-00233-CR, 2010 Tex. App. LEXIS 9796, at *3 (Tex. App.—Amarillo Dec. 10, 2010, no pet.) (per curiam) (mem. op., not designated for publication) ("We conclude the document containing findings of fact and conclusions of law does not constitute a signed written order . . ."); *but see State v. Janssen*, 592 S.W.3d 530, 535 (Tex. App.—Amarillo 2019, pet. ref'd) (holding the opposite). When confronted with the premature appeal in *In re Alejandro-Najarro*, the Third Court remanded the appeal to the trial court for entry of a written order. 2022 Tex. App. LEXIS 3099, at *2–3. Following the precedent of the Third Court of Appeals, we shall do the same here. *See* TEX. R. APP. P. 41.3 (requiring a transferee court to apply the precedent of the transferor court if there is a conflict).

Accordingly, we grant the State's motion for rehearing,[1] reinstate the appeal and remand the cause to the trial court for entry of a signed order on Appellee's motion to dismiss the indictment. *See* TEX. R. APP. P. 27.2 (providing that appellate courts may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental

---

[1] Although we requested a response to the motion for rehearing from Appellee, he did not file one.

record), 44.4(b) (requiring appellate courts to direct trial courts to correct remediable errors that prevent proper presentation of an appeal), 49.3. A supplemental clerk's record containing the written order shall be filed with the Clerk of this Court on or before June 8, 2023. If a final, appealable order is not received by this date, the appeal will be reinstated and dismissed for want of jurisdiction.

It is so ordered.

Per Curiam

Do not publish.